## BALDWIN, ET AL. v. GULLY.

1. In a summary proceeding by motion at the suit of a sheriff against his deputy, under the act of 1828, for the failure to pay over money collected by the deputy on an execution, in consequence of which judgment had been

rendered against his principal it was shown that between the receipt and return of the execution, the deputy paid the sheriff $19,615 87, but upon no particular account, and the receipt given by the latter did not indicate how it should be appropriated. The sheriff's clerk could not tell whether the money received on the execution in question had been paid to the sheriff; but it was shown that from ten to twenty-five thousand dollars of the money collected by the deputy during the time he acted for his principal was unaccounted for: *Held*, that upon this evidence the court was warranted in rendering judgment for the sheriff.

Writ of Error to the County Court of Tuscaloosa.

THIS was a proceeding under the statute, at the suit of the defendant in error as the sheriff of Greene, against Baldwin, his deputy, and the sureties of the latter in a bond executed for the performance of his duties as such. The defendants in the motion were informed that a notice had been served upon the sheriff, that the President and Directors of the Bank of the State of Alabama, would move the county court of Tuscaloosa for a judgment against him, for the amount collected upon a writ of *fieri facias* at the suit of the Bank against Lemuel D. Hatch, Thomas R. Borden, and Benjamin Borden; which motion was still pending in that court. They were further informed, that whenever judgment shall be rendered against the sheriff, that he will move the county court for judgment against them for the whole amount thereof and costs, for the failure and neglect of the deputy in not paying over the money collected by him [on the execution referred to.

The cause was submitted to the court upon evidence adduced by the parties, and the facts out of which the controversy arises may be thus condensed; the defendant, Baldwin, was the deputy of the plaintiff, the sheriff, and his co-defendants were the sureties in his bond; the execution in question was in Baldwin's hands to make the money thereon, and the indorsement of satisfaction is in his hand-writing. It was also proved that the bank had recovered a judgment against the sheriff for the default in the non-payment of the money collected on the execution. Between the receipt and

Baldwin, et al. v. Gully.

return of the execution, Baldwin paid his principal $19,615 87; these payments were not made on any execution in particular, and it was the practice of the office, for the deputy, when he paid in money, to take receipts for the amount, without expressing upon what account the money was collected, and how it should be appropriated. The clerk in the sheriff's office, who testified to the mode of doing business there, did not know whether the money collected on the execution had been paid or not.

It was proved on the part of the deputy, that he had collected about $250,000 under his deputation, "nearly all of which had been receipted for," in the manner above stated.

The sheriff's clerk made out an account current between the sheriff and his deputy, which showed a balance of money unaccounted for by the latter of $25,000 dollars; but it was stated by another witness, that he thought he discovered mistakes in this account to the amount of $15,000. An effort had been made by the sheriff and his deputy to settle, but they had been unable to agree upon a statement of their accounts. The court gave judgment for the plaintiff.

E. W. Peck, for the plaintiff in error, insisted that the plaintiff below was not entitled to a judgment in this summary proceeding, but his remedy was in chancery, where an account could be taken between the parties, or by action at common law on the defendant's bond. [Clay's Dig. 536, § 11.]

P. Martin and B. F. Porter, for the defendant in error, insisted that the judgment of the county court was well supported by the evidence.

COLLIER, C. J.—This proceeding was instituted under a statute passed in 1828, which enacts, "whenever judgment shall be rendered in any court against a sheriff, for any failure or neglect of duty, or misconduct in office, and it shall appear to the satisfaction of the court, that such failure, &c. is the failure, neglect, or misconduct of his deputy, it shall be the duty of the court, on motion of the sheriff, to render judgment against such deputy and securities in favor of the

principal sheriff, for the whole amount of the judgment, and costs, rendered by the court against such principal sheriff, by reason of such failure, neglect of duty, or misconduct of said deputy: for which execution may issue as in other cases: *Provided*, that the deputy or his sureties shall have one day's notice of the pendency of the proceeding against the principal sheriff.

It is insisted, that the proof recited in the bill of exceptions, is not such as authorized the judgment that was rendered. We cannot think that the act requires the proof to be so convincing as to leave no room to doubt that the failure, &c. of the sheriff, was the failure, &c. of his deputy. It is quite enough that the mind of the court be satisfied by an application of the ordinary tests by which truth is evolved from disputed or doubtful proof. If thus scanning the evidence, the balance inclines against the deputy, then it may be said, that *it appears to the satisfaction of the court* that the official neglect of the sheriff is attributable to him.

The proof warrants the inference, that Baldwin collected, during his connection with the sheriffalty, from ten to twenty-five thousand dollars more than he accounted for. True, he paid over near twenty thousand dollars during the time the execution in question was in his hands, yet it does not appear that this was all the money collected between its receipt and return, or that all this was not paid before the execution was satisfied. The case was made out on the part of the plaintiff, when he showed that the execution was satisfied by a payment to Baldwin, and then it devolved upon the defendants to relieve themselves from liability, by proof that the money had been duly accounted for, or paid over by him. Upon this point the evidence was inconclusive and unsatisfactory, in the several particulars stated.

We cannot conceive why the sheriff should be forced into equity to adjust the entire accounts between himself and his deputy, or why he should be required to institute an action upon the bond. The ground upon which he asks a judgment is legal, and one for which the statute gives the summary remedy, which has been adopted. We have seen that

he has *prima facie* entitled himself to a judgment, and if the defendants can show a sufficient cause for equitable interference, they must become the actors in chancery.  We have only to add, that the judgment is affirmed.